PHILLIP A. TALBERT
United States Attorney
PETER K. THOMPSON (HI 5890)
Acting Regional Chief Counsel, Region IX
Social Security Administration
MARCELO ILLARMO (MABN 670079)
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (510) 970-4822
    Facsimile: (415) 744-0134
    E-Mail: Marcelo.Illarmo@ssa.gov
Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 2:20-1197-CKD<br><br>**STIPULATION & ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920** |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees in the amount of six thousand three hundred eighty-nine dollars and twenty three cents ($6,389.23) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d). Accordingly, should this Court award fees and expenses under EAJA pursuant to this stipulation, Plaintiff's motion for attorney fees (ECF 31) would be moot.

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Jesse Kaplan. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Jesse Kaplan, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Jesse Kaplan.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Jesse Kaplan, including his firm, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Jesse Kaplan to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: January 10, 2022

By: */s/ Jesse Kaplan*\*
JESSE KAPLAN
\* *By email authorization on 1/7/22*
Attorneys for Plaintiff

Dated: January 10, 2022

PHILLIP A. TALBERT
United States Attorney

By: */s/ Marcelo Illarmo*
MARCELO ILLARMO
Special Assistant United States Attorney

2

1 | Based upon the parties' Stipulation for the Award and Payment of Equal Access to Justice Act Fees, Costs, and Expenses, **IT IS ORDERED** that fees and expenses in the amount of $6,389.23 as authorized by 28 U.S.C. § 2412, and costs in the amount of $0.00 as authorized by 28 U.S.C. § 1920, be awarded subject to the terms of the Stipulation. Furthermore, Plaintiff's motion for attorney fees (ECF No. 31) is denied as moot.

Dated:  January 12, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE